UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THIRD FEDERAL SAVINGS BANK, | : | |
| | : | CIVIL ACTION NO. 02 cv 4403 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| RW PROFESSIONAL LEASING | : | |
| SERVICES CORP., | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| BARRY DRAYER, | : | |
| | : | |
| Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS TO STAY OR DISMISS

Defendants, RW Professional Leasing Services Corp. ("PLS") and Barry Drayer ("Drayer"), by and through their undersigned counsel, Fitzpatrick Lentz & Bubba, P.C., submit this Memorandum of Law in Support of their Motion to Stay or Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter was initiated on July 2, 2002 by the filing of the Complaint by Plaintiff, Third Federal Savings Bank ("Third Federal"). The Defendants named in this suit are PLS and Barry Drayer, an individual and the alleged Senior Vice President of Defendant PLS. Jurisdiction over this action is premised upon diversity of citizenship pursuant to 28 U.S.C. §1332(a).

The Complaint alleges, among other things, that PLS is engaged in the business of direct financing leases of medical, computer and other equipment for healthcare providers, such as private physicians, outpatient facilities, and non-physician medical service providers. (Complaint ¶6). The Complaint further alleges that PLS has entered into thousands of leases

with healthcare providers, and has financed those leases through hundreds of different banking institutions, including Plaintiff, Third Federal. (Complaint ¶7). The Complaint further alleges that leases were sold and assigned to Third Federal, and were serviced by PLS pursuant to sale and service agreements. (Complaint ¶8). The leases that were to be serviced by PLS were also to be assigned to Third Federal. (Complaint ¶10). In addition, the Complaint alleges that each service agreement was accompanied by a promissory note from PLS to Third Federal. (Complaint ¶15).

The Complaint alleges that, as the result of a revenue slow-down, combined with increased delinquency rates and reduced financing opportunities, PLS allegedly failed to make payments when due to Third Federal. Among other things, First Federal has alleged that PLS failed to utilize separate accounts for each lease, instead using a single, "pooled" account. As a result, Third Federal alleges that it did not receive payments made by "its lessees" to PLS. Rather, it is contended that PLS co-mingled funds and used them interchangeably to pay its banks and other financing entities. (See Complaint ¶¶21, 22). Further, Third Federal contends that PLS and Drayer took steps to conceal these facts from it.

As a consequence of these alleged acts, Third Federal has filed the instant Complaint, asserting seven counts against the Defendants as follows:

>Count I – Breach of Contract against PLS
>
>Count II – Breach of Contract against PLS
>
>Count III – Fraud against PLS and Drayer
>
>Count IV – Negligent Misrepresentation against PLS and Drayer
>
>Count V – Aiding and Abetting Fraud against Drayer
>
>Count VI – Breach of Fiduciary Duty against PLS and Drayer

Count VII – Aiding and Abetting a Breach of Fiduciary Duty
against Drayer

Third Federal seeks judgment in its favor and against PLS and Drayer an amount in excess of $836,000, together with exemplary and other damages.

Prior to the initiation of this action, on June 13, 2002, an action was initiated in the United States District Court for the Eastern District of New York entitled <u>Crawford & Sons, Ltd. Profit Sharing Plan, et al. v. Rochelle Besser, et al.</u>, Index No. 02-cv-3442 (ADS) ("the New York Action"). At some point after the filing of the Complaint in the New York Action, the plaintiffs therein, on or about July 12, 2002, filed an Amended Complaint (the "New York Amended Complaint"), a true and correct copy of which is attached to the Motion of Defendants to Stay or Dismiss filed in this case. (<u>See</u> Motion Exhibit "B"). The New York Amended Complaint identifies numerous entities as plaintiffs, including the Plaintiff herein, Third Federal Savings Bank. Among the defendants in the New York Action are the Defendants herein, PLS and Drayer. As the New York Amended Complaint discloses, the other Defendants, Rochelle Besser and Wallace Besser, are identified as the shareholders of Defendant PLS and, respectively, as the president-treasurer and secretary-vice president of PLS. (<u>See</u> New York Amended Complaint ¶¶22, 23).

The New York Amended Complaint purports to state claims against the Defendants therein under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 <u>et</u> <u>seq</u>., as well as claims for common law fraud and to collect certain promissory notes. A review of the New York Amended Complaint discloses that it mirrors closely the allegations in the instant case. For example, the New York Amended Complaint identifies PLS as "in the business of long term leasing of medical, dental and veterinary equipment to doctors, dentists, veterinarians and other medical providers throughout the county . . .." (New York Amended

3

Complaint ¶30). The New York Amended Complaint avers that PLS finances its business by assigning its leases to various institutional lenders, including the plaintiffs in that case. Among the allegations of wrongdoing in the New York Action are that PLS failed to remit payments received from lessees to the plaintiffs; diverted and co-mingled payments in a "general operating account," rather than having payments escrowed; failed to notify the plaintiffs of the pre-payment of certain leases; failed to notify the plaintiffs of leases in default or to replace those leases with leases of equal or greater value; and that the defendants financed the same lease with more than one lender. (See New York Amended Complaint ¶37). In addition, the New York Amended Complaint avers that the defendants took steps to conceal their allegedly fraudulent conduct from the plaintiffs.

Although the New York Action involves numerous plaintiffs, the conduct alleged in the New York Amended Complaint is, in all relevant and material ways, identical to the subject matter before the Court in the instant case, and arises out of same of the same transactions and occurrences.

The New York Amended Complaint purports to set forth six claims against the defendants, including PLS and Drayer, as follows:

>  First Claim -- RICO §1962(c) against all defendants
>
>  Second Claim -- RICO §1962(a) against all defendants
>
>  Third Claim -- RICO §1962(b) against all defendants
>
>  Fourth Claim -- RICO §1962(d) against all defendants
>
>  Fifth Claim -- Common Law Fraud against all defendants
>
>  Sixth Claim -- Collection of Promissory Notes against PLS.

II.     **ARGUMENT**

**The First-Filed Rule Mandates that this Case be Stayed or Dismissed**

As the foregoing factual recitation makes clear, the New York Action arises out of the same transactions and occurrences as does the instant litigation, albeit numerous additional entities have joined in as plaintiffs in that case. Among those plaintiffs is the Plaintiff herein, Third Federal. Among the defendants in the New York Action are the Defendants herein, PLS and Drayer. The New York Action involves the identical issues as the case before this Court; to wit, the obligations of PLS and Drayer arising out of the parties' business relationship in connection with the financing, sale and servicing of leases. The claim of Third Federal in this case are subsumed within the claims asserted in the New York Action. Significantly, the New York Action was initiated before the instant case.

The first-filed rule dictates that, "in cases of federal concurrent jurisdiction involving the same parties and issues, the court of first-filing must proceed to decide the matter." Stone Creek Mechanical, Inc. v. Carnes Company, Inc., 2002 U.S. Dist. LEXIS 20721, No. 02-cv-1907 (E.D. Pa. October 25, 2002) (quoting Zelenkofske Axlerod Consulting, L.L.C. v. Stevenson, 1999 U.S. Dist. LEXIS 12137, No. 99-cv-3508 (E.D. Pa. August 5, 1999)).

The Court of Appeals for the Third Circuit adopted what has become known as the "first-filed" rule in 1941. In Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941), the Court of Appeals concluded that "in all cases of federal concurrent jurisdiction, the court which first has possession of subject must decide it." The Court of Appeals had occasion to revisit the first-filed rule in 1988, when it reiterated that "[t]he first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same party and the

5

same issues already before another district court." Equal Employment Opportunity Commission v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd 493 U.S. 182 (1990).

In application of the first-filed rule, courts where the second action is filed have concluded that the rule bars the second court's jurisdiction over a later filed action. See Stone Creek at *4; Butera, Beausang, Cohen & Brennen, P.C. v. Ryan, 2002 U.S. Dist. LEXIS 17878, No. 00-2509 (E.D. Pa. December 11, 2000).[1] Alternatively, the court where the second-filed action is pending may transfer the second action (see Virgin Wireless, Inc. v. Virgin Enterprises, Ltd., 201 F. Supp. 2d 294, 300 (D.Del. 2002)), or stay the proceedings before it (see Medrad, Inc. v. Envivo Research, Inc., 2000 U.S. Dist. LEXIS 16484, No. 00-778 (W.D. Pa., October 5, 2002)).

In evaluating the applicability of the first-filed rule, the courts consider three factors:

(1) the chronology of the two actions;

(2) the similarity of the parties; and

(3) the similarity of the issues.

Butera, 2000 U.S. Dist. LEXIS 17878 (citing Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)). Application of these factors to the case presently before the Court leads to the conclusion that this action must be dismissed or stayed.

As noted above, the New York Action was filed before this case. Thus, from a straightforward "chronology" analysis, the New York Action is the first-filed action. Similarly, there is more than a similarity of the parties. Third Federal is a Plaintiff in both suits and PLS and Drayer are Defendants in both suits. The other Defendants in the New York Action are allegedly the stockholders and officers of PLS. Finally, the issues are virtually identical. Although the Plaintiffs in the New York Action have attempted to portray their claims as

---

[1] As a consequence, this motion is authorized under Fed. R. Civ. P. 12(b).

contravening the RICO statute, it is evident that the same nucleus of operative facts gives rise to both lawsuits. Specifically, both this case and the New York Action arise out of the dealings between Plaintiff, Third Federal (and various other lending institutions) and PLS and its principals. It is the servicing of the leases, the alleged breaches of the various agreements, and the alleged attempt to conceal defaults that give rise to both suits. Thus, at issue in both cases is the liability of the Defendants to the Plaintiff arising out of the same business relationship.

The case law is clear that the first-filed rule was developed to avoid duplicative litigation. <u>Butera</u>, 2000 U.S. Dist. LEXIS 17878 at *6 (citing <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976)); <u>Medrad</u>, 2000 U.S. Dist. LEXIS 16484 at *4 (citing <u>Bechtel Corp. v. Local 215, Laborers' Internat'l Union of North America, AFL-CIO</u>, 544 F.2d 1207 (3d Cir. 1976)). <u>See also</u> <u>Equal Employment Opportunity Commission v. Univ. of Pa.</u>, 850 F.2d at 977 ("rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments"); <u>IMS Health, Inc. v. Vality Technology, Inc.</u>, 59 F. Supp. 2d 454, 473 (E.D. Pa. 1999). In the present situation, it is apparent that duplication will be unavoidable. The same discovery will be necessitated and the same witnesses will be involved. There is also a risk of inconsistent outcomes, particularly in light of the heightened standard of proof where fraud is at issue and the complexities of the RICO statute.

It is readily apparent that both this case and the New York Action involve the same parties and the same issues. Because the New York Action was filed before this case, this Court should dismiss or stay this action in accordance with the dictates of the first-filed rule.

7

**III.  CONCLUSION**

As the Court of Appeals has indicated, invocation of the first-filed rule will usually be the norm, not the exception. <u>Equal Employment Opportunity Commission v. Univ. of Pa.</u>, 850 F.2d at 979. Departures from the rule are "rare" and the second-filed action should be permitted to proceed only in "exceptional circumstances." <u>Id</u>. In this case, the rule is plainly applicable and, therefore, it is respectfully submitted that this case should be stayed or dismissed in favor of the earlier-filed New York Action, involving the same parties and arising out of the same nucleus operative facts.

                                           Respectfully submitted,

                                           FITZPATRICK LENTZ & BUBBA, P.C.

Date:   November 7, 2002            By:_____/S/_____
                                                 Douglas J. Smillie
                                                 4001 Schoolhouse Lane
                                                 P.O. Box 219
                                                 Center Valley, PA 18034-0219
                                                 (610) 797-9000
                                                 Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THIRD FEDERAL SAVINGS BANK, | : | |
| | : | CIVIL ACTION NO. 02 cv 4403 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| RW PROFESSIONAL LEASING SERVICES CORP., | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| BARRY DRAYER, | : | |
| | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I, DOUGLAS J. SMILLIE, hereby certify that a true and correct copy of the Memorandum of Law in Support of Motion of Defendants to Stay or Dismiss has been filed electronically and is available for viewing and downloading from the ECF System. In addition, a true and correct copy was served upon counsel for Plaintiff at the following address, by regular U.S. Mail, postage prepaid, upon the following:

> Andrew W. Bonekemper, Esquire
> Fox Rothschild O'Brien & Frankel, LLP
> 1250 South Broad Street
> Lansdale, PA 19446

FITZPATRICK LENTZ & BUBBA, P.C.

Dated: November 7, 2002    By: _____/S/_____
  Douglas J. Smillie
  4001 Schoolhouse Lane, P.O. Box 219
  Center Valley, PA 18034-0219
  (610) 797-9000

9